UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

John Dale, Jr. and         :
Patricia C. Dale           :
        Plaintiffs,         :
                           :
        v.                  :      Case No. 2:13-cv-00249-wks
                           :
Asset Management           :
Specialist, Inc. and       :
CitiMortgage, Inc.         :
                           :
        Defendants.         :

OPINION AND ORDER
(Docs. 14 and 21)

*Pro se* Plaintiffs John Dale, Jr. and Patricia C. Dale

(collectively, "the Dales") bring this state common law

action against Defendants Asset Management Specialist, Inc.

("Asset Management") and CitiMortgage, Inc.

("CitiMortgage").  This matter was removed from the Vermont

Superior Court upon a notice of removal filed by

CitiMortgage.  Pending before the Court are Asset

Management's motion for judgment on the pleadings, an

objection to removal filed by the Dales, and the Dales'

motion to amend the complaint.  For the reasons set forth

below, this matter is remanded to the state court in which

it was filed pursuant to 28 U.S.C. § 1447(c). The Court

declines to rule on the remaining pending motions, as it

lacks jurisdiction to do so.

Factual and Procedural Background

The Dales allege Defendant CitiMortgage entered a
judgment of foreclosure against their Warren, Vermont home
on March 26, 2013 (Doc. 4 at 1.)  They allege that on or
about May 12, 2013, Defendant Asset Management, acting on
behalf of CitiMortgage, secured the home with a new lock and
lock box, establishing exclusive possession and control of
the premises.  *Id.* at 2.  On May 30, 2013, the Dales
obtained an order allowing them to regain access to the
home.  *Id*.  They allege that when they entered the house on
June 11, 2013, they discovered numerous personal property
items were missing. *Id.*

On August 22, 2013, the Dales filed a complaint in the
Washington Unit of the Civil Division of the Vermont
Superior Court (Doc. 4.)  The Complaint includes a detailed
list of the items alleged to be missing (Doc. 4, Exhibit A),
sets out state law negligence and conversion claims, and
requests compensatory damages of an unspecified amount,
together with costs and attorney's fees (Doc. 4 at 3.)  The
Complaint does not allege any federal law claims.

On September 12, 2013, CitiMortgage filed a notice of
removal in this Court pursuant to 28 U.S.C. § 1446, citing

28 U.S.C. §§ 1332[1] and 1441 as jurisdictional grounds (Doc.

1.)  On October 22, 2013, Asset Management moved for

judgment on the pleadings (Doc. 14.)  On October 18, 2013,

the Dales filed an objection to the notice of removal (Doc.

21) and a response in opposition to the motion for judgment

on the pleadings (Doc. 22.)

I.   Plaintiffs' Objection to Removal

     The Dales argue removal of this action from state court

was improper because this Court lacks subject matter

jurisdiction over their claims (Doc. 21 at 1.)  The Dales

assert that the amount in controversy–the value of the

missing household items–is less than $75,000, and therefore,

this matter does not satisfy the requirements for diversity

jurisdiction *Id*.  They request that this Court remand the

matter to the Vermont state court.  The motion is unopposed.

     Removal of any civil action from state court to federal

court is proper where the federal court has original

jurisdiction.  28 U.S.C. § 1441(a).  Here, CitiMortgage

relies upon 28 U.S.C. § 1332(a) as the source of original

---

[1]The Dales are citizens of Vermont (Doc. 4 at 1.)
CitiMortgage is a Delaware corporation with a principal place of
business in Missouri, and Asset Management is a Pennsylvania
corporation with a principal place of business in Pennsylvania
(Doc. 1 at .) Diversity of citizenship is not in dispute.

jurisdiction over what are otherwise purely state law claims.  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

CitiMortgage bears the burden of demonstrating that the requirements of the statute are met, namely that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citations omitted). The removing party must prove to a "reasonable probability" that the claim exceeds the jurisdictional amount.  *United Food & Commercial Workers Union v. CenterMark Props. Meridian Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994). Dismissal is appropriate "when it is clear to a legal certainty that jurisdictional amounts cannot be met." *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

Where, as here, the face of the Complaint does not

indicate whether the amount in controversy exceeds the
jurisdictional amount, the federal court's review is
conducted "on the basis of the pleadings, viewed at the time
when the defendant files the notice of removal," and the
Court may consider other evidence in the record.
*Blockbuster, Inc.*, 472 F.3d at 57.  "The party asserting
jurisdiction must support those facts with 'competent proof'
and 'justify [its] allegations by a preponderance of the
evidence."  *United Food*, 30 F.3d at 304-05 (quoting *McNutt
v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

    CitiMortgage's notice of removal lists some of the
Dales' missing items and summarily alleges that "the sum or
value of the removed items exceeds $75,000, particularly as
Defendants allegedly removed a priceless lamp, proprietary
recipes, an antique cleaver, artwork, electronics, and
important personal papers."  *Id*.  CitiMortgage did not
oppose the Dales' motion for remand, nor did it file
supplemental affidavits or other documentation in support of
jurisdiction.

    Therefore, the Court credits the Dales' own valuation
of their possessions, where they allege in opposition to
removal that "the damages do not reach $75,000." (Doc. 21 at
2).  *See Caten v. Salt City Movers Storage, Inc.*, 149 F.2d

428, 433 (2d Cir. 1945) (owner of household goods and personal effects "is credited with having some knowledge of its value"); *see also*, 12 V.S.A. § 1604 ("[t]he owner of real or personal property shall be a competent witness to testify as to the value thereof."). The Dales argue that unless CitiMortgage can provide some other evidence as to the missing items and their value, condition, or appraised value, their assessment of damages should prevail.

Indeed, the list of items attached to the Complaint is comprised of basic household goods: a dining room table and chairs; lamps; kitchen appliances; household electronics (two DVD/VCR players, television, stereos, speakers, radio, a desktop and a laptop computer, two printers); two guns; linens; cooking and serving-ware; and various other household items. The Dales' use of adjectives such as "priceless" might speak to the sentimental value of certain objects, but the Court does not consider these descriptions to represent an estimated value as a matter of law.

Absent any evidence to the contrary, the Court finds the Dales' assertion to be reasonable under the circumstances and sufficient for this Court to find to a degree of legal certainty that the amount in controversy

does not exceed $75,000.[2]   Therefore, because the matter

fails to meet the jurisdictional requirements of § 1332, the

matter shall be remanded to the state court in which it was

filed.   In the event discovery in the state court proceeding

yields information indicating that the Dales' claims do in

fact exceed the jurisdictional amount, Defendants may seek

to reopen the case in this Court. *See* 28 U.S.C. § 1446(b)(3)

and *Bellochio v. Enodis Corp.*, 499 F. Supp. 2d 254, 257

(E.D.N.Y. 2007).

II.   <u>Asset Management's Motion for Judgment on the Pleadings
      and the Dales' Motion to Amend Complaint</u>

Also pending before the Court are Asset Management's

motion for judgment on the pleadings  (Doc. 14) and the

Dales' motion to amend complaint.  (Doc. 33.)  The Dales'

proposed Amended Complaint does not modify their demand for

relief such that it would alter the Court's analysis with

respect to the amount in controversy, nor do the Dales seek

to add any federal claims invoking federal question

jurisdiction under 28 U.S.C. § 1331.  Therefore, because the

---

[2]With respect to the Dales' claim for attorney's fees, the
Court observes that the Dales appear *pro se* in this matter. *See*
*Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85-86 (2d Cir. 2012)
("Attorney's fees may be used to satisfy the amount in
controversy only if they are recoverable as a matter of right
pursuant to the statute or contract.").

Court lacks subject matter jurisdiction necessary to
proceed, the Court declines to rule on either of these
substantive motions.

CONCLUSION

For the reasons set forth above, the clerk is
respectfully directed to remand this case to the Washington
Unit of the Civil Division of the Vermont Superior Court.
The Court declines to rule on Asset Management's motion for
judgment on the pleadings (Doc. 14) or the Dales' motion to
amend complaint (Doc. 33.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this
5th of March, 2014.


/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court