```
                   UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

John Dale, Jr. and            :
Patricia C. Dale              :
       Plaintiffs,            :
                              :
       v.                     :   Case No. 2:13-cv-00249-wks
                              :
Asset Management              :
Specialist, Inc. and          :
CitiMortgage, Inc.            :
                              :
       Defendants.            :
```

OPINION AND ORDER
(Docs. 14 and 21)

*Pro se* Plaintiffs John Dale, Jr. and Patricia C. Dale (collectively, "the Dales") bring this state common law action against Defendants Asset Management Specialist, Inc. ("Asset Management") and CitiMortgage, Inc. ("CitiMortgage").  This matter was removed from the Vermont Superior Court upon a notice of removal filed by CitiMortgage.  Pending before the Court are Asset Management's motion for judgment on the pleadings, an objection to removal filed by the Dales, and the Dales' motion to amend the complaint.  For the reasons set forth below, this matter is remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1447(c). The Court declines to rule on the remaining pending motions, as it lacks jurisdiction to do so.

Factual and Procedural Background

The Dales allege Defendant CitiMortgage entered a judgment of foreclosure against their Warren, Vermont home on March 26, 2013 (Doc. 4 at 1.)  They allege that on or about May 12, 2013, Defendant Asset Management, acting on behalf of CitiMortgage, secured the home with a new lock and lock box, establishing exclusive possession and control of the premises.  *Id.* at 2.  On May 30, 2013, the Dales obtained an order allowing them to regain access to the home.  *Id.*  They allege that when they entered the house on June 11, 2013, they discovered numerous personal property items were missing. *Id.*

On August 22, 2013, the Dales filed a complaint in the Washington Unit of the Civil Division of the Vermont Superior Court (Doc. 4.)  The Complaint includes a detailed list of the items alleged to be missing (Doc. 4, Exhibit A), sets out state law negligence and conversion claims, and requests compensatory damages of an unspecified amount, together with costs and attorney's fees (Doc. 4 at 3.)  The Complaint does not allege any federal law claims.

On September 12, 2013, CitiMortgage filed a notice of removal in this Court pursuant to 28 U.S.C. § 1446, citing

28 U.S.C. §§ 1332[1] and 1441 as jurisdictional grounds (Doc. 1.)  On October 22, 2013, Asset Management moved for judgment on the pleadings (Doc. 14.)  On October 18, 2013, the Dales filed an objection to the notice of removal (Doc. 21) and a response in opposition to the motion for judgment on the pleadings (Doc. 22.)

I.   Plaintiffs' Objection to Removal

The Dales argue removal of this action from state court was improper because this Court lacks subject matter jurisdiction over their claims (Doc. 21 at 1.)  The Dales assert that the amount in controversy-the value of the missing household items-is less than $75,000, and therefore, this matter does not satisfy the requirements for diversity jurisdiction *Id*.  They request that this Court remand the matter to the Vermont state court.  The motion is unopposed.

Removal of any civil action from state court to federal court is proper where the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Here, CitiMortgage relies upon 28 U.S.C. § 1332(a) as the source of original

---

[1] The Dales are citizens of Vermont (Doc. 4 at 1.) CitiMortgage is a Delaware corporation with a principal place of business in Missouri, and Asset Management is a Pennsylvania corporation with a principal place of business in Pennsylvania (Doc. 1 at .) Diversity of citizenship is not in dispute.

jurisdiction over what are otherwise purely state law claims.  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

CitiMortgage bears the burden of demonstrating that the requirements of the statute are met, namely that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citations omitted).  The removing party must prove to a "reasonable probability" that the claim exceeds the jurisdictional amount.  *United Food & Commercial Workers Union v. CenterMark Props. Meridian Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994).  Dismissal is appropriate "when it is clear to a legal certainty that jurisdictional amounts cannot be met." *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

Where, as here, the face of the Complaint does not

indicate whether the amount in controversy exceeds the jurisdictional amount, the federal court's review is conducted "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal," and the Court may consider other evidence in the record. *Blockbuster, Inc.*, 472 F.3d at 57.  "The party asserting jurisdiction must support those facts with 'competent proof' and 'justify [its] allegations by a preponderance of the evidence."  *United Food*, 30 F.3d at 304-05 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

    CitiMortgage's notice of removal lists some of the Dales' missing items and summarily alleges that "the sum or value of the removed items exceeds $75,000, particularly as Defendants allegedly removed a priceless lamp, proprietary recipes, an antique cleaver, artwork, electronics, and important personal papers."  *Id*.  CitiMortgage did not oppose the Dales' motion for remand, nor did it file supplemental affidavits or other documentation in support of jurisdiction.

    Therefore, the Court credits the Dales' own valuation of their possessions, where they allege in opposition to removal that "the damages do not reach $75,000." (Doc. 21 at 2).  *See Caten v. Salt City Movers Storage, Inc.*, 149 F.2d

428, 433 (2d Cir. 1945) (owner of household goods and personal effects "is credited with having some knowledge of its value"); *see also*, 12 V.S.A. § 1604 ("[t]he owner of real or personal property shall be a competent witness to testify as to the value thereof."). The Dales argue that unless CitiMortgage can provide some other evidence as to the missing items and their value, condition, or appraised value, their assessment of damages should prevail.

Indeed, the list of items attached to the Complaint is comprised of basic household goods: a dining room table and chairs; lamps; kitchen appliances; household electronics (two DVD/VCR players, television, stereos, speakers, radio, a desktop and a laptop computer, two printers); two guns; linens; cooking and serving-ware; and various other household items. The Dales' use of adjectives such as "priceless" might speak to the sentimental value of certain objects, but the Court does not consider these descriptions to represent an estimated value as a matter of law.

Absent any evidence to the contrary, the Court finds the Dales' assertion to be reasonable under the circumstances and sufficient for this Court to find to a degree of legal certainty that the amount in controversy

does not exceed $75,000.[2]  Therefore, because the matter fails to meet the jurisdictional requirements of § 1332, the matter shall be remanded to the state court in which it was filed.  In the event discovery in the state court proceeding yields information indicating that the Dales' claims do in fact exceed the jurisdictional amount, Defendants may seek to reopen the case in this Court. *See* 28 U.S.C. § 1446(b)(3) and *Bellochio v. Enodis Corp.*, 499 F. Supp. 2d 254, 257 (E.D.N.Y. 2007).

II. <u>Asset Management's Motion for Judgment on the Pleadings and the Dales' Motion to Amend Complaint</u>

Also pending before the Court are Asset Management's motion for judgment on the pleadings (Doc. 14) and the Dales' motion to amend complaint. (Doc. 33.)  The Dales' proposed Amended Complaint does not modify their demand for relief such that it would alter the Court's analysis with respect to the amount in controversy, nor do the Dales seek to add any federal claims invoking federal question jurisdiction under 28 U.S.C. § 1331.  Therefore, because the

---

[2]With respect to the Dales' claim for attorney's fees, the Court observes that the Dales appear *pro se* in this matter. *See Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85-86 (2d Cir. 2012) ("Attorney's fees may be used to satisfy the amount in controversy only if they are recoverable as a matter of right pursuant to the statute or contract.").

Court lacks subject matter jurisdiction necessary to proceed, the Court declines to rule on either of these substantive motions.

## CONCLUSION

For the reasons set forth above, the clerk is respectfully directed to remand this case to the Washington Unit of the Civil Division of the Vermont Superior Court. The Court declines to rule on Asset Management's motion for judgment on the pleadings (Doc. 14) or the Dales' motion to amend complaint (Doc. 33.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 5th of March, 2014.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court